UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDMUND J. WOOD, Chapter 7 Bankruptcy Trustee,<br><br>   Plaintiff,<br><br>   v.<br><br>HOUSEHOLD FINANCE CORPORATION, *et al.*,<br><br>   Defendants. | CASE NO.  C05-0322RSM<br><br>MEMORANDUM ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## **I. INTRODUCTION**

This matter comes before the Court on defendants' Motion for Summary Judgment. (Dkts. #15 and #17). Defendants base their motion on the sole argument that plaintiff's claims are barred due to the fact that debtors, and former plaintiffs, Andre Floyd and Amy Crowley, obtained a discharge in their Chapter 7 bankruptcy proceeding, and failed to list their claims against defendants as an asset. Plaintiff responds that summary judgment is not appropriate because a bankruptcy trustee, who was unaware of the pending lawsuit during the bankruptcy action, is not bound by the nondisclosures of the debtors, and should not be penalized for the actions of the debtors. (Dkt. #20). For the reasons set forth below, the Court agrees with plaintiff, and DENIES defendants' motion for summary judgment.

ORDER
PAGE - 1

## II. DISCUSSION

**A. Background**

The background set forth below is not in dispute. On February 25, 2005, former plaintiffs Andre Floyd and Amy Crowley filed the instant lawsuit, raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and alleging that defendants have damaged the joint creditworthiness of plaintiffs by erroneously reporting mortgage payments as late, and by failing to correct those errors. They also appear to have alleged claims for defamation, invasion of privacy, and breach of duty to prevent foreseeable injuries, arising under Washington State law.

On June 30, 2005, the Floyds filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Washington in Seattle. The Floyds did not list the instant lawsuit as an asset. This Court notes that the Floyds also failed to notify it of the pending bankruptcy action.

On October 5, 2005, the Bankruptcy Court issued an Order discharging the Floyds from their outstanding liabilities. On October 11, 2005, the bankruptcy action was closed and the Trustee was discharged from his duties.

In January of 2006, the Trustee learned of the existence of this lawsuit. He notified the Office of the United States Trustee, who filed an *ex parte* motion with the Bankruptcy Court to reopen the case in order to administer the undisclosed asset.[1] The Bankruptcy Court granted the motion, and reopened the bankruptcy action on January 19, 2006. Plaintiff was then reappointed as the Trustee of the estate.

In the meantime, defendants moved for summary judgment in the instant action on the

---

[1] It appears from the record that the Floyds failed to disclose another asset as well. However, no details of that asset have been made available. (*See* Dkt. #25, Ex. 5). Because the Court will not be considering defendants' alternative request for partial summary judgment, that second undisclosed asset is irrelevant to the instant motion.

ORDER
PAGE - 2

basis that the Floyds had failed to list this action as an asset in their Bankruptcy Petition and are now precluded from pursuing their claims. Plaintiff Trustee opposed the motion, and moved to be substituted as the real party of interest in the instant action. (Dkts. #20 and #22). This Court granted plaintiff's motion and substituted him as plaintiff. The Court now turns to defendants' motion for summary judgment.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc*., 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345

(9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

### C. Plaintiff's Supplemental Response

As a threshold matter, the Court addresses plaintiff's supplemental response. On March 20, 2006, plaintiff filed a supplemental response raising "procedural concerns" about certain issues raised in defendants' reply. (Dkt. #26). However, that supplemental response does not comply with the Court's Local Rules, and therefore, will not be considered on this motion for summary judgment.

This Court's Local Rules do not allow for the filing of a supplemental response. To the extent that the supplemental response was intended as a sur-reply, the Court notes that the Local Rules do allow for the filing of a sur-reply for the purpose of requesting to strike certain material in the reply brief. *See* Local Rule CR 7(g). However, the party desiring to file such a sur-reply must inform both this Court and the opposing party that he intends to file a sur-reply, and the sur-reply is limited to three pages in length. Local Rule CR 7(g)(1) - (3). The record in the instant case does not indicate that plaintiff notified either the Court or opposing counsel of his intent to so file. Nor does plaintiff include a declaration to that effect with the supplemental response itself. Moreover, he filed the supplemental response three days after the instant motion had been noted for consideration. Accordingly, the Court STRIKES plaintiff's supplemental response from the record as improper.

### D. Defendants' Alternative Request for Partial Summary Judgment

Although plaintiff's supplemental response noting his procedural concerns has been stricken from the record, the Court raises, *sua sponte*, the fact that defendants assert for the first time in their Reply brief a request for alternative relief on summary judgment. In their reply, defendants request that, if the Court should deny summary judgment on the estoppel argument,

ORDER
PAGE - 4

it should grant partial summary judgment determining that the debtors are barred from any recovery in this case, and that recovery be limited to the actual amount owed to the debtors' unsecured creditors, and then stay this case for six months so that plaintiff Trustee can pursue the debtors' other claim or asset and determine the actual amount owed to the debtors' unsecured creditors after that asset is administered. (Dkt. #24).

As this Court has determined on many occasions, it is not appropriate to raise an issue for the first time in a reply brief. *See, e.g.*, *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)); *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980). To do so essentially prevents plaintiff from providing any response. Accordingly, the Court finds the argument for alternative partial summary judgment improper, and will not consider it on this motion for summary judgment.

While nothing prevented defendants from raising the argument in a separate motion at the time they filed their Reply, the parties' dispositive motion deadline has now passed. The parties have apparently stipulated to an extension of that deadline, and the Court awaits their stipulation and proposed Order. Should the dispositive motion deadline indeed be extended, nothing in this Order prevents defendants from raising the issue in a separate motion for partial summary judgment.

**E.  Judicial Estoppel and Failure to Report Asset in Bankruptcy Proceedings**

Defendants ask this Court to dismiss the instant lawsuit based on the theory of judicial estoppel, because the Floyds failed to list this action as an asset in their Bankruptcy petition. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citations omitted). It is not only limited to asserting inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases. *Id.* at

ORDER
PAGE - 5

782-83. The doctrine is intended to protect the integrity of the judicial process; therefore, judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990), *cert denied*, 501 U.S. 1260 (1991).

In support of their motion, defendants primarily rely on the Ninth Circuit Court of Appeals' decision in *Hamilton v. State Farm Fire & Cas. Co.*, *supra*. In that case, the Court of Appeals determined that Mr. Hamilton was judicially estopped from pursuing a nondisclosed insurance action because he had knowledge of the claims when he filed his bankrupcty petition, but failed to disclose them. *Hamilton*, 270 F.3d at 784. The Court noted that it "must invoke judicial estoppel to protect the integrity of the bankruptcy process." *Id.* at 785. In the instant case, defendants argue that, for the same reasons upon which the Ninth Circuit relied in *Hamilton*, the instant action should also be dismissed. The Court disagrees.

Plaintiff argues that this case is easily distinguishable from *Hamilton* because that case examined a situation where the debtor himself was attempting to pursue the nondisclosed action, as opposed to the bankruptcy trustee. While the Ninth Circuit has not addressed this argument directly, both the Eleventh Circuit and the Seventh Circuit have determined that there is a difference between a debtor attempting to pursue an action for his own benefit, and a trustee pursuing an action for the benefit of the creditors. *See Biesek v. Soo Line Railroad Co., et al.*, 440 F.3d 410 (7th Cir. 2006)[2]; *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004). This Court finds those decisions persuasive, and agrees with plaintiff that the *Hamilton* reasoning does not apply to situations where the bankruptcy trustee is pursuing the nondisclosed action.

In *Parker*, the Eleventh Circuit Court of Appeals explained that judicial estoppel does

---

[2] The Court notes that the Seventh Circuit Court of Appeals affirmed the dismissal of Mr. Biesek's nondisclosed lawsuit for other reasons; namely, because Mr. Biesek did not having standing to pursue an action that rightfully belonged to the bankruptcy estate, and over which the bankruptcy trustee had sole authority to either pursue or abandon.

ORDER
PAGE - 6

not apply when the bankruptcy trustee is pursuing the case because the trustee did not make any inconsistent statements to the courts. *Parker*, 365 F.3d at 1269. The court noted that:

> [i]n this case, Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition. Reynolds, as trustee, then became the real party in interest in Parker's discrimination suit. He has never abandoned Parker's discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, Reynolds cannot now be judicially estopped from pursuing it.

*Id.* at 1272.

The Seventh Circuit Court of Appeals noted that applying judicial estoppel to these types of cases ultimately have adverse effects on third parties, the creditors. *Biesek*, 440 F.3d at 413. The court explained:

> Biesek's nondisclosure in bankruptcy harmed his creditors by hiding assets from them. Using this same nondisclosure to wipe out his FELA claim would complete the job by denying creditors even the right to seek some share of the recovery. Yet the creditors have not contradicted themselves in court. They were not aware of what Biesek has been doing behind their backs. Creditors gypped by Biesek's maneuver are hurt a second time by the district judge's decision. Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application.

*Id.*

While defendants vigorously argue that such decisions go against the reasoning in *Hamilton*, the Court notes that *Hamilton* implicitly assumed that the nondisclosed action belonged only to the debtor. "Only then is one person on both sides of the same issue." *Biesek*, 440 F.3d at 413. While that may have been true in *Hamilton*, it is not true in the instant case. Here, plaintiff trustee has not abandoned the case, and it remains an asset of the bankruptcy estate. Thus, it is not necessary to consider judicial estoppel. *Id.* Accordingly, the Court agrees with plaintiff that he is not bound by the Floyds' nondisclosures during bankruptcy, and summary judgment based on the doctrine of judicial estoppel is not appropriate.

### III. CONCLUSION

Having reviewed defendants' motion for summary judgment (Dkts. #15 and #17), plaintiff's opposition (Dkt. #20), defendants' reply (Dkts. #24), the declarations in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendants' motion for summary judgment (Dkt. #15) is DENIED.

(2) The Clerk shall forward a copy of this Order to plaintiff and all counsel of record.

DATED this 25 day of April 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8